JOSEPH T. MCNALLY
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
SARAH QUIST (Cal. Bar No. 288264)
JOSEPH W. TURSI (Cal. Bar No. 300063)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0609 | 3989
    Facsimile: (213) 894-7819
    E-mail: Sarah.Quist@usdoj.gov
            Joseph.Tursi@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY, UTILITY TREE SERVICE, and DOES 1 to 10,<br><br>    Defendants. | No. CV 23-7254<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, United States of America, hereby alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises out of the "Bobcat Fire," a wildfire that ignited on September 6, 2020, from a tree in contact with a power line. Defendants Southern California Edison Company ("SCE") and Utility Tree Service, LLC ("UTS"), knew about the hazard posed by the tree for months but failed to maintain it.

2. Ultimately, the Bobcat Fire burned over 114,577 acres of land over two and one-half months. The fire threatened 6,235 structures, destroyed 171 structures, damaged 47 structures, destroyed 178 vehicles, and caused many people to evacuate from their homes. The public has been prevented from recreating on the more than 100 miles of popular system trails and in numerous campgrounds within the burn area in the nearly three years following the fire. The fire effects have been, and will be, detrimental to habitats and wildlife, including the federally endangered wildlife-mountain yellow-legged frog and other federally threatened fish and birds. The fire also damaged and destroyed irreplaceable cultural and heritage resources.

3. The United States brings claims against Defendants to recover for suppression costs and rehabilitation of the National Forest System lands, among other damages.

## PARTIES

4. Plaintiff United States owns National Forest System lands in Los Angeles County, California. The United States Department of Agriculture Forest Service ("Forest Service"), which is an agency and instrumentality of the United States, protects, controls, supervises, and administers this land.

5. Defendant SCE was and is a public utility organized and existing under the laws of the State of California, including but not limited to relevant sections of the Public Utilities Code. SCE is "primarily engaged in the business of supplying and delivering electricity through SCE's electrical infrastructure to an approximately 50,000

square-mile area of southern California."[1]

6. Defendant UTS is a California business entity, with its principal place of business in California and doing business in California.

7. Doe Defendants 1 to 10 are individuals and entities, including parents, subsidiaries, employees, agents, contractors, or sub-contractors of the named defendants, whose identities are currently not known and who are responsible for the damages caused to the United States as alleged herein.

## JURISDICTION AND VENUE

8. This action seeks damages caused by the Bobcat Fire and arises under Federal and California law, including Federal and state common law; California Health and Safety Code §§ 13007-13009.1; California Public Resources Code §§ 4292, 4293, 4421, and 4435; California Public Utilities Code §§ 451 and 2106; California Civil Code §§ 1714(a) and 3287; Title 36 of the Code of Federal Regulations §§ 261.5, 261.9, and 261.10; and 31 U.S.C. §§ 3711 and 3717.

9. The jurisdiction of this Court is invoked under 28 U.S.C. § 1345, in that the United States is the plaintiff.

10. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to the United States' claims occurred in the Central District of California, Defendant SCE has its principal places of business within the Central District of California, and all Defendants SCE and UTS are doing business within, and have sufficient contacts with, the Central District of California.

## GENERAL ALLEGATIONS

### I. The Bobcat Fire

11. The Bobcat Fire ignited on September 6, 2020, within the Angeles National Forest near the Cogswell Dam on West Fork Road in the San Gabriel Canyon.

---

[1] Edison International and Southern California Edison, 2022 Annual Report (Form 10-K), at 143 (Mar. 17, 2023), *available at* https://s3.amazonaws.com/cms.ipressroom.com/406/files/20232/2022-eix-sce-annual-report.pdf (last accessed August 29, 2023).

3

1  Ultimately, it would become one of the biggest fires in Los Angeles County history.[2]

2      12.    Forest Service Investigators determined that the Bobcat Fire ignited due to a tree in contact with power lines (conductors) owned and operated by SCE and maintained by SCE and UTS. The contact resulted in ignition of vegetation on a branch, which fell to the ground and spread. The resulting wildland fire burned, damaged and destroyed about 114,577 acres, including over 99,000 acres within the Angeles National Forest.

    13.    In spite of vegetation maintenance being part of SCE's 2020-2022 Wildfire Mitigation Plan,[3] the tree where the Bobcat Fire ignited was known by SCE and UTS to pose a hazard but was not properly maintained. Previous pruning and marks on other branches in the tree where the Bobcat Fire originated reflected that the power line was in the tree canopy for some time and maintenance was deficient.

## II. Duties of SCE and UTS

    14.    SCE had non-delegable statutory and regulatory duties to properly inspect and maintain the areas through which its power lines passed to ensure that they were safe and clear from dangerous conditions, specifically including but not limited to hazardous trees. Specific non-delegable duties are set forth in California Public Resources Code § 4293 and regulations promulgated thereunder.

    15.    The power lines that ignited the Bobcat Fire are a "device which may kindle a fire" within the meaning of California Public Resources Code § 4435.

    16.    Pursuant to California Public Resources Code § 4435, the ignition of the Bobcat Fire by SCE's power lines is prima facie evidence of SCE's negligence in the

---

[2] *See* CNN, THE BOBCAT FIRE IS ONE OF THE LARGEST IN LOS ANGELES COUNTY HISTORY AFTER SCORCHING MORE THAN 100,000 ACRES, (September 22, 2020) *available at*: https://www.cnn.com/2020/09/21/us/bobcat-fire-los-angeles-county/index.html (last accessed August 21, 2023).

[3] "Vegetation management programs will largely continue our 2019 efforts.… We will also continue our work on increasing and maintaining clearance distances to prevent tree-line contact." Southern California Edison 2020-2022 Wildfire Mitigation Plan at 2, *available at*: https://www.sce.com/sites/default/files/AEM/SCE%202020-2022%20Wildfire%20Mitigation%20Plan.pdf (last accessed August 21, 2023).

maintenance, operation, or use of the power lines.

17. SCE entered into a Master Services Agreement whereby UTS agreed to perform vegetation maintenance and electrical line clearance services in and around the area where the Bobcat Fire ignited.

18. SCE operated and maintained the subject power lines that caused the Bobcat Fire on National Forest System lands pursuant to a Special Use Permit ("SUP") issued by the Forest Service.

19. SCE accepted all of the terms and conditions contained in the SUP.

20. At all times material to this action, the SUP and its terms and conditions were and are authorized by law, including 43 U.S.C. §§ 1746(h)(1) and (2), 1761 and 1765, and 36 C.F.R. § 251.53 and 251.56.

21. Pursuant to paragraph 3 of the SUP, SCE was obligated to trim all branches near contact with the subject lines and to remove all trees deemed to be hazardous or which might make contact with the subject lines.

22. Pursuant to paragraph 12 of the SUP, SCE was obligated to do everything reasonably within its power and require its employees and contractors to do everything reasonably within its power, to prevent and suppress fires on or near lands occupied under the SUP.

23. Under the SUP, SCE is strictly liable to the United States, obligated to indemnify the United States for any damage that its power lines caused and liable to the United States for its negligence.

24. Pursuant to paragraph 24 of the SUP, SCE is obligated to indemnify the United States for damage to property arising from SCE's occupancy and use of National Forest System lands under the SUP.

25. Pursuant to paragraph 27 of the SUP, SCE shall pay the United States for all damages to federal property or resources and for all federal fire suppression costs resulting directly or indirectly from SCE's use and occupancy of the area covered by the SUP, regardless of whether SCE is negligent or otherwise at fault.

### III. Failure of SCE and UTS to Perform Tree Maintenance

26. SCE and UTS knew or should have known about the potential danger posed by the tree that contacted the subject power lines but took no action to prevent it from subsequently contacting the subject lines.

27. The Bobcat Fire originated from SCE's operation and/or use of its power lines and SCE and UTS's negligence in maintaining trees around those lines. Defendants' negligence was a substantial factor in proximately causing the damages sustained by the United States.

28. SCE failed to properly maintain its power lines in or around the area where the Bobcat Fire ignited.

29. UTS contracted with SCE and assumed responsibility to inspect the area around the subject power lines for hazardous trees that might contact the subject lines, and to trim or remove any hazardous trees that might contact the subject lines, or to otherwise prevent such hazardous trees from contacting the subject lines.

30. SCE and UTS were informed of the potential danger the tree that contacted the subject lines posed, were aware of the danger that said tree might contact the subject lines before the contact occurred and failed to take any action to prevent it from contacting the subject lines.

31. UTS and Doe Defendant 1 inspected the tree prior to it contacting the subject lines. UTS, Doe Defendant 1, and SCE knew or should have known that it was a hazardous tree and a danger to contact the subject lines but took no action to prevent it from subsequently contacting the subject lines.

32. Doe Defendants 2-5 are the agents, contractors or sub-contractors of Defendants, and are responsible for causing the Bobcat Fire and the United States' damages. On information and belief, Doe Defendants 6-10 are the parent companies, partners or subsidiaries of Defendants, and are vicariously liable or otherwise responsible for causing the Bobcat Fire and the United States' damages.

33. Causing timber, trees, brush, or grass to burn except as authorized by permit

is prohibited by law, including 36 C.F.R. § 261.5(c) and California Public Resources Code § 4421. Ignition of the Bobcat Fire was not authorized by permit or by the United States. Carelessly or negligently causing a fire that is not a prescribed fire that damages the National Forest System is prohibited by 36 C.F.R. § 261.5. In addition, 36 C.F.R. § 261.9 prohibits damaging any natural feature or other property of the United States.

**IV.   Fire Suppression and Damages**

34.   The Forest Service suppressed the Bobcat Fire at substantial cost to the United States. As a result of its efforts to extinguish the Bobcat Fire, the Forest Service sustained fire suppression costs in excess of $56 million dollars. It also incurred property and natural resource damages of over $65 million dollars and burned area emergency response (BAER) costs of more than $769,000 dollars.

35.   The damages to the United States include, but are not limited to mitigation, rehabilitation and reforestation of burned areas, loss of and damage to timber, trees, vegetation, habitat, wildlife, watershed and earth protection, property, improvement and archeological site damage, scenic and aesthetic values, and views, environmental damages, loss of use and recreation, and soil damage and erosion.

36.   Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and 31 U.S.C. § 3717, the United States is entitled to recover its administrative, investigative, accounting and collection costs, as well as interest and late payment charges, in addition to other damages arising from the Bobcat Fire.

37.   The United States has made demands on SCE and UTS for payment of the costs and damages incurred by the United States to suppress the Bobcat Fire and to undertake emergency rehabilitation efforts. Neither SCE nor UTS has paid any part of the sum demanded by the United States.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(Negligence and Negligence *Per Se* – Against All Defendants)**

38.   The United States realleges its previous allegations as though fully set forth

herein.

39. At all times relevant to this action, SCE breached its duty of care and was negligent in causing the Bobcat Fire, including its failure to construct, maintain, and operate its power lines and equipment in a safe and effective working order to prevent fires and damage to the land and property of adjacent landowners, including the United States.

40. Amongst other acts and omissions, SCE breached its duty to use due care and caution in the design, construction, and maintenance of the SCE power lines and equipment in the area of the origin of the Bobcat Fire.

41. SCE violated its general, statutory, and regulatory duties by failing to properly construct and maintain its power lines and equipment, and to maintain proper vegetation clearance around and below its power lines, using a device, including its power lines and equipment, that may cause a fire and failing to take reasonable precautions to avoid starting and spreading a fire.

42. The United States and its constituent citizens are one of the classes of persons that California Public Resources Code §§ 4292, 4293, and 4294, California Public Utilities Code § 451, including Rules 31.1, 31.2, and 35 promulgated by the CPUC, and California Health and Safety Code § 13001 were intended to protect. SCE's violation of such provisions constitutes negligence *per se* and was a substantial factor in causing the United States' damages as alleged herein. SCE is liable for such damages, in an amount to be proven at trial.

43. UTS and Does 1-6 had a duty of care to properly inspect, trim, remove, and maintain trees in the area of the subject power lines. UTS breached its respective duties to inspect, trim, remove and maintain the subject tree that made contact with the power line and caused the ignition of the Bobcat Fire.

44. SCE and UTS's negligent acts, omissions, and violations of law caused the Bobcat Fire to ignite and proximately caused the damages the United States sustained.

45. SCE and UTS are responsible for all costs and damages caused by its own negligence, including those under common law and California Civil Code § 1714.

46. SCE and UTS's negligence, on their own and through their agents and employees, was the proximate cause of the Bobcat Fire.

47. As a result of SCE and UTS's negligence, the United States incurred damages in an amount to be established at trial. SCE and UTS are liable for such damages.

**SECOND CLAIM FOR RELIEF**

**(Cal. Health & Safety Code §§ 13001, 13007-13009.1,**

**and Cal. Civil Code § 3287 – Against All Defendants)**

48. The United States realleges its previous allegations as though fully set forth herein.

49. On September 6, 2020, SCE and UTS negligently and in violation of law, ignited the Bobcat Fire, thereby setting fire to or allowing fire to be set to National Forest System lands within the Angeles National Forest.

50. The Bobcat Fire destroyed property of the United States and caused the United States to incur fire suppression costs, rehabilitation costs, resource damages, and other damages, including intangible damages to the environment, to be established at trial.

51. SCE and UTS are liable for all damages to the United States resulting from the Bobcat Fire, including its fire suppression costs, damages for injury to federal property, and the United States' administrative, investigative, accounting, and collection costs, under California Health & Safety Code §§ 13001, 13007-13009.1, and California Civil Code § 3287, in an amount to be established at trial.

//
//

## THIRD CLAIM FOR RELIEF

### (Cal. Public Resources Code § 4435 – Against SCE)

The United States realleges its previous allegations as though fully set forth herein.

52. Pursuant to California Public Resources Code § 4435, the origination of the Bobcat Fire from SCE's operation and use of the power lines and equipment in the Angeles National Forest is prima facie evidence of SCE's negligence in the maintenance, operation, or use of its power lines and equipment. SCE's negligence was a substantial factor in proximately causing the damages the United States sustained as a result of the Bobcat Fire.

53. As a result of SCE's negligence, the United States incurred damages in an amount to be established at trial. SCE is liable for such damages.

## FOURTH CLAIM FOR RELIEF

### (Trespass by Fire – Against All Defendants)

54. The United States realleges its previous allegations as though fully set forth herein.

55. On September 6, 2020, SCE and UTS negligently and/or in violation of law, ignited the Bobcat Fire, which spread onto the Angeles National Forest, thereby setting fire to or allowing a fire to be set to National Forest System lands.

56. The Bobcat Fire damaged and destroyed property of the United States, including causing damage to more than 99,000 acres of National Forest System lands on the Angeles National Forest in Los Angeles County.

57. As a result of the Bobcat Fire's trespass upon the National Forest System lands, the United States has incurred damages in an amount to be established at trial, including fire suppression costs, costs to rehabilitate the area, wrongful injury to the United States' property, trees, timber and vegetation damage, the costs for reforestation of the area, environmental damages, property damage, and damages to the habitats of wildlife in the area. Defendants are also liable to the United States for wrongful injury to

its timber, trees, and underwood pursuant to California Civil Code § 3346. SCE and UTS are liable for such damages.

## FIFTH CLAIM FOR RELIEF

**(Strict Liability Pursuant to the Special Use Permit – Against SCE)**

58. The United States realleges its previous allegations as though fully set forth herein.

59. SCE is strictly liable to the United States pursuant to the SUP without proof of negligence or proof that SCE is otherwise at fault, for damages to federal property or resources and for all federal fire suppression costs the United States suffered as a result of the Bobcat Fire, in an amount to be established at trial.

## SIXTH CLAIM FOR RELIEF

**(Indemnity Pursuant to the Special Use Permit – Against SCE)**

60. The United States realleges its previous allegations as though fully set forth herein.

61. SCE agreed, among other obligations, to be subject to and abide by the SUP's terms and conditions. Specifically, SCE agreed to compensate the United States for all damages resulting directly or indirectly from its use and occupancy of the area covered by the permit, including its power lines and equipment located within the Angeles National Forest. Such damages include damages to National Forest System lands and resources, property damage, suppression costs, and emergency rehabilitation costs.

62. The SUP created a right of indemnity for the United States against SCE.

63. The Bobcat Fire resulted from and related to SCE's use and occupancy of the area covered by the SUP, including its power lines and equipment located within the Angeles National Forest.

64. Under the terms of the SUP, SCE is liable to the United States for the United States' damages resulting from the Bobcat Fire, in an amount to be established at trial.

## SEVENTH CLAIM FOR RELIEF

**(Breach of Special Use Permit – Against SCE)**

65. The United States realleges its previous allegations as though fully set forth herein.

66. Title 36 of the Code of Federal Regulations, Section 261.10 prohibits the violation of any term or condition of a special-use authorization, contract, or approved operating plan.

67. SCE breached its obligations to the United States under the SUP in connection with the Bobcat Fire, including its obligation to protect the land and property of the United States from damage, and to indemnify the United States for damage to property arising from SCE's occupancy and use of National System Forest lands.

68. As a result of these breaches by SCE, the United States incurred damages in an amount to be established at trial. SCE is liable to the United States for these damages.

## EIGHTH CLAIM FOR RELIEF

**(Interest and Penalties – Against All Defendants)**

69. The United States realleges its previous allegations as though fully set forth herein.

70. Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and 31 U.S.C. § 3717, the United States is entitled to recover its administrative, investigative, accounting and collection costs, as well as interest and late payment charges, in addition to other damages arising from the Bobcat Fire.

71. The United States has demanded that SCE and UTS pay the costs and damages incurred by the United States due to the Bobcat Fire. Defendants have not paid any part of the sum the United States demanded.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays:

1. For damages in an amount to be determined at trial against Defendants for fire suppression costs, property damage, resource damages and any and all other

1  recoverable costs and damages arising from the Bobcat Fire, including the costs of
2  rehabilitation, restoration and reforestation of the burned areas, loss of trees, timber,
3  vegetation, and habitat, damage to archeological sites, damage to the soil and other
4  matters, loss of use, scenic views, aesthetic values, other environmental damages,
5  investigation costs, and administration costs;

6    2.    For double or triple damages for wrongful injury to the United States'
7  timber, trees, and underwood pursuant to California Civil Code § 3346;

8    3.    For interest and penalties allowable under the law;

9    4.    For costs of this action; and

10    5.    For such other and further relief as the Court deems just and proper.

12  Dated:  September 1, 2023    Respectfully submitted,

JOSEPH T. MCNALLY
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

   /s/ *Sarah Quist*
SARAH QUIST
JOSEPH W. TURSI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## **DEMAND FOR JURY TRIAL**

Plaintiff United States of America hereby demands a jury trial in this case.

Dated: September 1, 2023

Respectfully submitted,

JOSEPH T. MCNALLY
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

     /s/ *Sarah Quist*
SARAH QUIST
JOSEPH W. TURSI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA